*74
 
 Pearson, C. J.
 

 The scope of 'the bill is to set up a trust, according to which the house and lot mentioned in the pleadings was held by the defendant Mr. Shepherd, in order to sell and pay off, when required, a debt due by Curtis, one of the defendants, to the complainant, and to pay the excess of purchase money to Curtis; and this, upon the allegation that Mr. Shepherd exposed the house and lot to sale at public auction, and conveyed the premises to the defendant Brandt, not for the purpose of executing the trust in favor of the complainant, but for the purpose of excluding him, and diverting the. trust fund so as to pay it over to the Confederate government, under the pretext that the fund was payable to the Confederate government by reason of certain confiscation acts, by force and effect whereof that government, instead of the complainant, had become entitled to receive the debt secured by the deed of trust.
 

 This equity does not rest on the notion that a purchaser at a trustee’s sale must see to the application of the purchase money, but upon a broad principle of justice, recognized and acted upon in Courts of Equity, and which is too. plain to admit of discussion. It would have been “plainer sailing ” had Mr. Shepherd set out in the deed executed by him to Brandt, the purpose and reason for exposing the property to sale and passing the legal title, for there can be no question that the original trust in favor of the complainant, or the resulting trust in favor of the defendant Curtis, are still subsisting, and must be made to attach to the house and lot, unless Brandt can protect himself as a purchaser without notice under the rule “When equities are equal the law prevails.” And as the complainant does not seek, by his bill as framed, to charge Mr. Shepherd for the breach of trust, but only to follow the land and subject it in the hands of Brandt to the original trust, the whole matter is narrowed down to the single point, Has the complainant fixed Brandt with notice, so as to affect his conscience, and make it ini
 
 *75
 
 quitous in Mm to insist upon the legal title ? so as to bring the case under the principle by which Courts of Equity relieve against fraud or illegality in procuring the execution of deeds, by converting the party into a trustee.
 

 It would have better evinced on the part of Mr. Shepherd the desire, which no doubt he felt, to protect the interests of liis
 
 eestuy que
 
 trusts, as far as it was in his power to do so under the circumstances in which he was placed, had he set out in Ms deed to Brandt the fact that he made the sale at the instance and by order of the Confederate government, through its agent, Mr. Wilder. That would have furnished his
 
 cesfoiy que trusts
 
 with full evidence to fix the purchaser with notice, and have enabled them, without any difficulty, to set up their equity upon the events which have since transpired. The complainant has undertaken to supply tills omission on the part of his trustee, and we think lie has succeeded in doing so.
 

 The defendant Brandt, in order to avoid giving up valuable property, which would have been Ms had the late war resulted differently, was evidently greatly tempted, in framing Ms answer, to deny notice, by the use of general terms, atid he shows a want of candor, in trying to take advantage of ignorance of what is considered in equity sufficient notice to afreet the conscience, and prevent a party from setting up a legal title, in order to deprive one of his original equity. We need hardly repeat that such circumstances as will put a man of ordinary prudence upon inquiry amount to notice. Without entering into a particular discussion of the prod's in the cause, the admission in the answer of defendant Brandt, that he made inquiry of Mr. Shepherd as to whether he could make a good title, tends strongly to show the existence of circumstances calculated to excite inquiry; for if the trustee had been selling’ in the usual way, in order to pay off the debt secured by the deed of trust to the party entitled to the money according to the provision of tlio deed,
 
 *76
 
 there would have been no occasion to ask for any such assurance; and, taking this admission in connection with the general tone of the answer, the proofs in the cause and such matters of public notoriety, of which the courts take notice as part of the history of the times, the court declares the fact to be that the defendant Brandt purchased with notice, and that ho bought under the expectation and belief that if the independence of the Confederate States should be established, he was acquiring a good title; otherwise, he would bo subject to the trust and to the equity of the complainant, and to the resulting trust of the defendant Curtis.
 

 The specific relief prayed for by the bill is to have the deed, executed by Shepherd to Brandt. “ set aside and delivered up to be cancelled.1' That relief is only appropriate when there is fraud in the
 
 fad/mi
 
 of the deed. Under the general prayer, however, the complainant is entitled to a decree, declaring Brandt a trustee, and directing a sale by the Clerk and Master; and requiring the defendants, Brandt, Shepherd and Curtis, to join in a conveyance to the purchaser. The proceeds of the sale, together with the amount for which Brandt is chargeable on account of rents, (as to which there will be an account,) will bo applied, in the first instance, to the satisfaction of the complainant’s debt and interest, and the surplus, if any, will be paid to defendant Curtis; and Curtis will be allowed, in respect of his resulting trust, the privilege of discharging the complainant’s debt and interest by a given day, six months from the first day of this term, in which case the defendants Brandt and Shepherd will execute a deed to him, to be approved of by the Master. The complainant's costs will be paid by the defendant Brandt.
 

 Per Curiam.
 

 Decree a eoordiugiy.